```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION
```

SPIRCO ENVIRONMENTAL, INC.,        )
f/k/a Spirco Services, Inc.,       )
                                   )
            Plaintiff,             )
                                   )
       v.                          )     No. 4:05 CV 1437 DDN
                                   )
AMERICAN INTERNATIONAL SPECIALTY   )
LINES INSURANCE COMPANY,           )
                                   )
            Defendant.             )

## MEMORANDUM AND ORDER

This matter is before the court on the motion of plaintiff Spirco Environmental, Inc. (Spirco)(Doc. 33), to compel discovery from defendant American International Specialty Lines Insurance Company (AISL). A hearing was held on August 30, 2006.

Plaintiff Spirco seeks monetary damages against defendant AISL for breach of contract. In the complaint plaintiff alleges defendant issued to it two insurance policies, AISL Policy Nos. 819 78 69 and 267 41 44, which were in effect from October 7, 1997 to October 7, 1998, and October 7, 1998 to October 7, 1999, respectively. (Doc. 1 at 2.) Plaintiff alleges both policies imposed upon defendant a duty to indemnify plaintiff for liability claims expenses, including legal defense fees, costs, and expenses. Thereafter, plaintiff alleges, defendant refused to provide coverage for damages, fees, expenses and costs for a related action in this court, Cause 4:05 cv 100.

Plaintiff issued interrogatories and requests for the production of documents to defendant. Currently at issue before the court are several documents that defendant has withheld from production because they are irrelevant to this action and are protected from disclosure as work product under Federal Rule of Civil Procedure 26(b)(3), because they involve defendant's actions regarding reserve funds and reinsurance. Plaintiff argues that the documents may advance its case for coverage under the language of the policies. Defendant argues that its internal actions regarding any reserve and reinsurance are irrelevant to the extent of coverage under the subject policies and are work product. Defendant has filed a privilege log and has submitted the

subject documents[1] to the court under seal for *in camera* review which the court has done.

Reserves are an insurer's estimates of potential losses due to claims on its policies.  J.C. Associates v. Fidelity & Guar. Ins. Co., 2003 WL 1889015 at *1 (D.D.C. 2003).  The failure of an insurer to offer a reasonable amount to settle a claim, on a claim of bad faith breach of duty, might be evidenced by the insurer's setting aside a substantially greater amount of reserve for the claim.  Id.  However, where the issue is one of coverage under the policy *vel non*, reserve information might involve the consideration of potential liability; in this regard it may qualify as work product, e.g., expressions of opinion or fact by an insurer's agent regarding liability in potential litigation.  Id.  In this regard, unless the plaintiff shows a great need that overcomes the importance of accurate reserve figures, this information ought to be protected from disclosure.  Id.; Coltec Inds., Inc. v. Am. Motorists Ins. Co., 197 F.R.D. 368, 372 (N.D.Ill. 2000). The same principles apply to reinsurance information.  Indep. Petrochemical Corp. v. Aetna Cas. & Sur. Co., 117 F.R.D. 283, 288 (D.D.C. 1986).

Plaintiff's citation to Simon v. G.D. Searle & Co., 816 F.2d 397 (8th Cir. 1987), does not help it.  In that case, the court ruled that risk management documents, such as those involving reserves, which relate to specific claims are protected as work product materials; the documents might not be so protected, if they relate to the company's reserve policies generally.  816 F.2d at 401-02.

The documents submitted to the court are accurately described in the privilege log.  They are 14 in number.  They relate to the actions of the defendant regarding reserves and reinsurance with respect to the specific claim before the court in this case.  Plaintiff has not shown a specific need for this information that is paramount to the insurer's need to accurately assess its potential loss on its policies.

---

[1]Defendant stated in its transmittal letter, dated August 21, 2006, copied to counsel for plaintiff, that the documents submitted to the court under seal for *in camera* review are all the documents from the relevant claim file that have not been provided to plaintiff.

Therefore, these documents are protected by the work product doctrine. Fed. R. Civ. P. 26(b)(3).

For these reasons,

**IT IS HEREBY ORDERED** that the motion of plaintiff to compel discovery (Doc. 33) is denied.

/s/ David D. Noce
_____
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on August 30, 2006.